UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PATRICK A. CARLONE,                      CIVIL NO. 13-783 (SRN/JSM)

    Plaintiff,

v.                                      <u>REPORT AND RECOMMENDATION</u>

ASBESTOS WORKERS LOCAL 34, et al,

    Defendants.

The above matter came before the undersigned Magistrate Judge of the District Court upon defendants Asbestos Workers Local 34 and Roger LeClaire's Motion to Dismiss [Docket No. 4] and Plaintiff Carlone's Motion/Injunction [Docket No. 22]. Pro se plaintiff, Patrick A. Carlone appeared on his own behalf; Brendan D. Cummings, Esq. appeared on behalf of Heat & Frost Insulators & Allied Workers Local 34 (referred to as "Asbestos Workers Local 34" in the Summons and Complaint) and Roger LeClaire.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On March 5, 2013, the initial Complaint in this matter was filed by Carlone with the Ramsey County Conciliation Court. <u>See</u> Complaint [Docket No. 1]. Carlone alleges simply that "intentional negligence by the defendants, Officers of Local 34 directly caused the plaintiff to lose $7,200.00 in wages for the month of July 2008." <u>Id.</u> On April 4, 2013, defendants Heat & Frost Insulators & Allied Workers Local 34 ("the Union") and

1

LeClaire removed this case to federal court. See Docket No. 1. On April 10, 2013, defendants moved to dismiss Carlone's suit for failure to state a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Docket No. 4.

## II. DEFENDANTS' MOTION TO DISMISS

According to defendants, Carlone's Complaint amounts to an attempt to claim that the Union breached its duty of fair representation ("DFR"). See Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) ("Def's Mem.") [Docket No. 6], p. 1. Characterizing Carlone's complaint as alleging that "the Union and one of its officers engaged in 'intentional negligence' in representing him in July 2008 causing him lost wages of $7,200," defendants argued that his purported state-law claim was entirely preempted by federal labor law. Id.; see also p. 5 ("Plaintiff's Claim, threadbare as it is, clearly alleges that the Union and one of its officers breached the DFR because it states that the Union and its officer intentionally and/or negligently caused him to lose wages through their acts or omissions in representing him."); pp. 6-7 ("Because Mr. Carlone's claim alleges that Defendants breached their obligations to represent him properly, . . .") p. 8 ("Plaintiff alleges that he lost wages in July 2008 as the result of Defendants' intentional and/or negligent acts or omissions in representing him."). Thus, under the National Labor Relations Act ("NLRA"), Carlone's DFR claim is barred by the applicable six-month statute of limitations. Id., pp. 2, 5, 7. In support of this argument, defendants cited not only to Carlone's conciliation court complaint, but two previous matters brought by Carlone that allegedly centered on the same set of facts – a 2008 charge brought before the National Labor Relations Board ("NLRB") and a 2010 claim brought in this

2

Court – both of which were determined to be time-barred. See Affidavit of Brendan D. Cummins, Ex. A [Docket No. 7]; Carlone v. Int'l Ass'n of Heat and Frost Insulators & Allied Union No. 34, No. 09-CV-204 (JMR/FLN), 2010 WL 2195463 (D. Minn. May 28, 2010) ("Carlone I").[1] Given the timeline of facts underlying the two prior complaints, defendants contended that Carlone was litigating the same subject matter and like the other two cases, the present claim should be dismissed as time-barred.

Carlone did not prepare a written response to defendants' motion to dismiss as ordered by this Court, (see Docket No. 20), but did appear at the hearing and presented an oral argument with the consent of the Court.[2] Carlone stated that his dispute with the Union began in 2007 when the Union refused to refer him for employment. Carlone indicated that initially he brought a suit against the Union alleging age discrimination. The claim was later amended to allege "negligence." The amended complaint was then dismissed as time-barred. Carlone also referenced two other complaints against the Union which were still pending – one alleging that the Union failed to provide timely notice to him of his eligibility for secondary insurance coverage and the other alleging

---

[1] The Court notes that in light of the factual timeline set forth in the previous case, this action may be barred by the preclusion doctrine of res judicata. See Hauschldt v. Beckingham, 686 N.W. 2d 829 (Minn. 2004). However, defendants did not make this argument, and as Carlone's claims may be dismissed on other grounds, the Court will not address the application of this doctrine in its decision.

[2] Local Rule 7.1(g) governs when a party fails to timely file and serve a memorandum of law. In this regard, the Court may: "(1) cancel the hearing and consider the matter submitted without oral argument; (2) reschedule the hearing; (3) hold a hearing, but refuse to permit oral argument by the party who failed to file; (4) award reasonable attorney's fees to the opposing party; (5) take some combination of these actions; or (6) take any other action that the court considers appropriate." Notwithstanding Carlone's failure to comply Local Rule 7.1(g) and with this Court's Order requiring a response to defendants' motion on May 28, 2013, this Court chose to allow Carlone to make oral argument in response to the motion.

3

conspiracy. Carlone did not discuss or clarify the legal theory underlying his present suit.

This Court rejects defendants' argument that Carlone's Complaint is time-barred – not because ultimately the Court may agree that his claim is untimely – but because their contention is premised on certain assumptions and facts that are not alleged in the conciliation court complaint. Defendants assume that Carlone's claim of "intentional negligence by the defendants" somehow implicates Union's representation of him with respect to something that occurred in July of 2008. If they are right, the claim is barred by the six-month statute of limitations. See DelCostello v. Int'l. Broth. of Teamsters, 462 U.S. 151, 172 (1983) (adopting the 6-month statute of limitations found in §10(b) of the NLRA because of the similarity of rights asserted and federal policy interests implicated); Carlone I, 2010 WL 2195463 at *2 ("[P]laintiff's claimed violations of the Union's bylaws and constitution are simply designed to avoid his real claim[:] the Union's breach of duty of fair representation.") On the other hand, if Carlone's claim solely involves purely internal union matters, and that is what caused him to lose these wages in July of 2008, the statute of limitations will be based on the nature of the state cause of action. Carlone I, 2010 WL 2195463 at *3 (distinguishing those cases relied upon by Carlone where the employees' alleged disputes with the Union did not involve employer disputes and were therefore, governed by the most analogous state statute.); Minn. Stat. § 541.05 (establishing a six-year statute of limitations for tort claims). In other words, the problem with defendants' motion is that based on the very cursuory and conclusory allegations of Carlone's conciliation court complaint, the Court cannot assume that the DFR is implicated. Carlone simply has not plead with sufficient

specificity whether the suit implicates the same federal policy interests referenced in DelCostello to mandate the application of a six-month statute of limitations or whether the allegations concern "purely internal union matters." Therefore, defendants' motion to dismiss based on the argument that the claim is time-barred is denied.

That said, while Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the United States Supreme Court has clarified that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." In the present action, Carlone has only alleged "intentional negligence of the defendants." See Complaint. Carlone did not set forth any facts to support his claim. Id. Carlone's Complaint consists solely of a "conclusory statement," which lacks the specificity required by the pleading standards set forth in Iqbal. While a "'district court has the power to sua sponte dismiss a complaint'" when it was obvious that a plaintiff could not prevail on the facts alleged, (see Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (quoting Mildfelt v. Circuit Court, 827 F.2d 343, 345 (8th Cir. 1987) (per curiam)), here, where Carlone commenced his suit in state conciliation court and the same principles for pleading in federal court are not required, the Court believes that the better course of action is to give Carlone 30 days to file and serve an amended complaint that can survive the requirements of Iqbal.

Therefore, if Carlone elects to amend, he must comply with the basic pleading rules prescribed by Iqbal. In addition, Carlone must present his allegations in separate, serially numbered paragraphs, as required by Fed. R. Civ. P. 10(b). This new pleading must provide a much more complete and cogent statement of the specific facts on which Carlone's claims are based. Vague accusations will not suffice. Carlone must also clearly identify the specific legal basis for his claims against each defendant. In sum, if Carlone intends to continue to pursue this action, he will have to provide a clear and comprehensive description of what, specifically, each named defendant actually did, or failed to do, and he will have to describe how each defendant's acts or omissions allegedly violated his legal rights under some clearly identified provision law.

Therefore, within 30 days of the issuance of an order by the District Judge adopting this Report and Recommendation, Carlone shall serve and file an amended complaint that meets the requirements of this Report and Recommendation. In the event that Carlone does not serve and file an amemded complaint consistent with this Report and Recommendation, the Court will proceed to recommend dismissal of the suit.

## III.  MOTION/INJUNCTION

Carlone filed a Motion/Injunction requesting an order that defendants cease discrimination and assist in "reimbursing [him] all monies due and past due of secondary health insurance compensation from August 23, 2003 until June 10, 2013 plus a rate of 10% compounded interest." [Docket No. 22]. In violation of Local Rule 7.1, Carlone never contacted the Court to schedule this motion and filed no supporting papers. Local Rule 7.1(c) explains that "all dispositive motions must be heard by the

magistrate judge." Before filing a motion, the moving party must contact the magistrate judge's courtroom deputy to schedule a hearing. L.R. 7.1(c). In addition, pursuant to Local Rule 7.1(c)(1), the moving party must simultaneously file and serve all supporting documents (motion, notice of hearing, memorandum of law, affidavits and exhibits and meet and confer statements) at least 14 days before the date of the hearing. Id. Carlone did not attempt to schedule a hearing before filing his motion as required and did not file any supporting documents. On this basis, Carlone's motion is denied.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Asbestos Workers Local 34 and Roger LeClaire's Motion to Dismiss [Docket No. 4] be **DENIED**.

2. Within 30 days of an order by the District Judge adopting this Report and Recommendation, plaintiff shall serve and file an amended complaint that meets the requirements of this Report and Recommendation. In the event that Plaintiff does not serve and file an amended complaint consistent with this Report and Recommendation, the Court will proceed to recommend dismissal of the suit.

3. Carlone's Motion/Injunction [Docket No. 22] is **DENIED**.

Dated: June 25, 2013

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

7

## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 9, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **July, 9, 2013**.