# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick A. Carlone,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Asbestos Workers Local 34 and<br>Roger LeClaire,<br><br>　　　　Defendants. | Case No. 13-cv-783 (SRN/JSM)<br><br><br><br>**ORDER** |

Patrick A. Carlone, 377 Toronto Street, St. Paul, MN 55102, pro se Plaintiff.

Brendan D. Cummins, Cummins & Cummins, PLLP, 1245 International Centre, 920 Second Avenue South, Minneapolis, MN 55402, on behalf of Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Patrick A. Carlone's Rebuttal/Motion [Doc. No. 30] of United States Magistrate Judge Janie S. Mayeron's June 25, 2013, Report and Recommendation ("R & R") [Doc. No. 29]. The Magistrate Judge recommended that Defendants' Motion to Dismiss the Complaint [Doc. No. 4] and Plaintiff's Motion/Injunction [Doc. No. 22] be denied. (Report and Recommendation dated June 25, 2013 ("R & R"), at 7 [Doc. No. 29].) However, the Magistrate Judge also recommended that this Court proceed to dismiss this lawsuit unless Plaintiff serves and files an amended complaint, within 30 days of an order by this Court adopting the R & R, that comports with federal pleading requirements. For

the reasons set forth below, Plaintiff's Rebuttal/Motion is overruled, and the Court adopts the R & R in its entirety.

## II.	BACKGROUND

Plaintiff originally filed this lawsuit in Ramsey County Conciliation Court, alleging "intentional negligence by the defendants" and that "Officers of Local 34 directly caused the plaintiff to lose $7,200.00 in wages for the month of July 2008." (Statement of Claims and Summons [Doc. No. 1-1].) Defendants interpreted Plaintiff's allegations as "a claim of breach of a union's duty of fair representation" that is preempted by the federal National Labor Relations Act and removed the case to this Court based on federal-question jurisdiction. (See Notice of Removal ¶¶ 3–4 [Doc. No. 1].) Defendants then moved to dismiss Plaintiff's Statement of Claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is time-barred by the six-month statute of limitations applicable to claims for breach of a duty of fair representation. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Compl. at 2, 7–8 [Doc. No. 6].) Plaintiff did not respond in writing to Defendants' motion, but he did file his own Motion/Injunction requesting that the Court order Defendants "to cease discrimination [a]gainst plaintiff" and to "assist in reimbursing Plaintiff all monies due and past due of secondary health insurance [c]ompensation." (Motion/Injunction at 1 [Doc. No. 22].)

Defendants' motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 [Doc. No. 10], and she heard the motion on June 10, 2013 [Doc. No. 25]. Plaintiff appeared at the hearing and was allowed to present oral argument. While Plaintiff discussed other complaints he has brought against the union defendant, he did not discuss the legal

2

theory upon which the current matter is based.  (See R & R at 3–4 [Doc. No. 29]; Tr. at 8–10 [Doc. No. 28].)

The Magistrate Judge issued her R & R on June 25, 2013.  She recommended denying Defendants' Motion to Dismiss because it is based on an assumption of facts that were not alleged in Plaintiff's Statement of Claims—i.e., that Plaintiff's claim refers to the Union's representation of him rather than to internal union matters.  (R & R at 4–5 [Doc. No. 29].)  Because Plaintiff's conciliation court complaint was not plead with sufficient specificity to satisfy federal court pleading requirements, the Magistrate Judge recommended allowing Plaintiff 30 days to serve and file an amended complaint that does comply with federal pleading requirements.  (Id. at 4–6.)  In addition, the Magistrate Judge recommended denying Plaintiff's Motion/Injunction.  (Id. at 7.)  She found that Plaintiff violated Local Rule 7.1 because he never contacted the Court to schedule the motion and filed no supporting papers.  (Id. at 6–7.)

### III. DISCUSSION

On July 7, 2013, Plaintiff filed a Rebuttal/Motion.[1]  In the document, Plaintiff appears to assert some factual allegations pertaining to his claim.  (See Rebuttal/Motion at 1 [Doc. No. 30].)  He also states that "upon taking depositions stands ready for court trial."  (Id. at 2.)  Defendants have not responded.

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or

---

[1] Plaintiff also filed a Letter/Court, in which he requests time to retain a law firm to handle his case.  (See Letter/Court at 1 [Doc. No. 31].)

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The Court cannot identify any objections to the R & R in Plaintiff's Rebuttal/Motion. Therefore, the Court need not conduct a de novo review of any portion of the R & R, and the Court adopts the R & R in its entirety.

Accordingly, the Court denies Defendants' Motion to Dismiss and Plaintiff's Motion/Injunction, and the Court grants Plaintiff 30 days to serve and file an amended complaint that satisfies federal pleading standards.[2] The Court reiterates that, to survive a motion to dismiss in federal court, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Rather, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556. In addition, as noted by the Magistrate Judge:

> [Plaintiff] must present his allegations in separate, serially numbered paragraphs, as required by Fed. R. Civ. P. 10(b). This new pleading must provide a much more complete and cogent statement of the specific facts on which [Plaintiff's] claims are based. Vague accusations will not suffice. [Plaintiff] must also clearly identify the specific legal basis for his claims against each defendant. In sum, if [Plaintiff] intends to continue to pursue this action, he will have to provide a clear and comprehensive description of what, specifically, each named defendant actually did, or failed to do, and he

---

[2] Plaintiff can also use this time to obtain legal representation, as requested in his letter to the Court.

will have to describe how each defendant's acts or omissions allegedly violated his legal rights under some clearly identified provision [of] law.

(R & R at 6 [Doc. No. 29].) If Plaintiff fails to comply with this Order, the Court will proceed to dismiss this case. See Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that "a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process").

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Rebuttal/Motion [Doc. No. 30] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Doc. No. 29] is **ADOPTED**;

3. Defendants' Motion to Dismiss the Complaint [Doc. No. 4] is **DENIED**;

4. Plaintiff's Motion/Injunction [Doc. No. 22] is **DENIED**; and

5. Within 30 days of the date of this Order, Plaintiff shall serve and file an amended complaint that meets the requirements of this Order. If Plaintiff fails to do so, the Court will proceed to dismiss this lawsuit.

Dated: October 25, 2013

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

5